IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA
EAST BATON ROUGE DIVISION

| | |
|---|---|
| **MONIQUE MONTGOMERY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION NO. _____ |
| v. | ) |
| | ) [formerly Baton Rouge City Court for the |
| | ) Parish of East Baton Rouge: |
| **CAPITAL ONE BANK (USA), N.A.,** | ) Case No. 21-00709 Div. E] |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

Defendant Capital One Bank (USA), N.A. ("Capital One"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, hereby gives notice of the removal of this action, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, to the United States District Court for the Middle District of Louisiana, East Baton Rouge Division. In support of this notice of removal, Capital One states as follows:

## INTRODUCTION

1. On December 1, 2021, Plaintiff Monique Montgomery (the "Plaintiff") filed a "Petition for Civil Damages and Other Relief" against Capital One in the Baton Rouge City Court for the Parish of East Baton Rouge, Case Number 21-00709.

2. A copy of the citation and petition were served on Capital One on May 17, 2022. Therefore, this Notice of Removal is timely filed.

3. In accordance with 28 U.S.C. § 1446(a), a copy of the citation and petition (the "Petition" or "Complaint") are attached hereto as **Exhibit A**. No other pleadings or documents have been served upon Capital One in this case.

47966641 v1

4. The version of the Complaint served upon Capital One was missing certain pages; as a result, Capital One contacted to Clerk of the Baton Rouge City Court to obtain a complete copy thereof. A complete copy of the Complaint as received from the City Court Clerk is attached hereto as **Exhibit B**.

5. The Complaint asserts a variety of claims against Capital One which seem to arise from Capital One's purported attempts to collect Plaintiff's debts and the reporting of Plaintiff's debts to consumer reporting agencies. (*See* Ex. A, Petition.)

6. Plaintiff seeks relief under both state and federal law, including a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (*See id.* at ¶¶ 89-90.) Plaintiff further alleges state law causes of action for (1) False Light, (2) Fraudulent Inaction, (3) Intentional Misrepresentation, (4) Abusive Debt Collection Practices, (5) Abuse of Right, (6) Extortion, (7) purported violations of the Louisiana Unfair Trade Practices Act, (8) purported violations of La. R.S. 9:3518.2(D), (9) Defamation, (10) Intentional Infliction of Emotional Distress, (11) Negligent Infliction of Emotional Distress, (12) Fraud by Misrepresentation or Silence under Article 1953, (13) purported violations of La. R.S. 9:3568(D), and (14) Breach of Contract. (*See generally id.*)

7. Based on the allegations in the Complaint, this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because there is federal question jurisdiction based upon Plaintiff's assertion of the TCPA claim. This Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367.

**ARGUMENT AND CITATION TO LEGAL AUTHORITY**

A. **Federal Question Jurisdiction**

8. The United States District Court for the Middle District of Louisiana has original jurisdiction over this case under 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

9. 28 U.S.C. § 1331 provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

10. Plaintiff's Complaint, which alleges Capital One violated the TCPA, asserts claims arising under the Constitution, laws or treaties of the United States on its face.

11. Because Plaintiff has asserted claims arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. §§ 1331 and 1441(a).

**B. Supplemental Jurisdiction.**

12. This Court can, and should, exercise supplemental jurisdiction over the state law claims Plaintiff makes against Capital One because these claims form part of the same case or controversy as Plaintiff's federal claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

13. In the instant case, Plaintiff's state law claims are related to the same activity that forms the basis for Plaintiff's federal claim — i.e. collection activities and an alleged identity theft. Thus, Plaintiff's state law claims in this case are "so related to claims in the action within [this

3

Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).

14. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action to avoid an unnecessary duplication of judicial resources. Here, Plaintiff's state law claims arise from the same transaction or occurrence but do not raise novel or complex issues of state law or predominate over Plaintiff's federal claim. *See* 28 U.S.C. § 1367(c). Therefore, this Court should exercise jurisdiction over all claims asserted in Plaintiff's entire Complaint.

## REMOVAL JURISDICTION OF THIS COURT

15. As established above, this Court has original jurisdiction over this case.

16. This matter is removable to the United States District Court for the Middle District of Louisiana, as the Baton Rouge City Court for the Parish of East Baton Rouge, Louisiana is a Louisiana state court within this judicial district. (*See* 28 U.S.C. § 1441(a).)

## JURISDICTIONAL REQUIREMENTS

17. This case is a civil action within the meaning of the Acts of Congress related to the removal of causes.

18. Defendant has not previously removed this action, and it has not previously sought similar relief.

19. Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

20. Defendant hereby notifies this Court that it has provided written notice to Plaintiff of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d). Defendant has also filed a copy of this Notice of Removal with the Clerk of the Baton Rouge City Court for the Parish of East Baton Rouge, Louisiana is a Louisiana, as provided by law.

21. Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process sufficient to waive Capital One's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) insufficiency of process; (3) insufficiency of service of process; (4) improper joinder of claims and/or parties; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Louisiana law, Fed. R. Civ. P. 8 and 12, or any other state or federal statute.

22. To the extent remand is sought by Plaintiff or visited by the Court, Capital One requests the opportunity to brief the issues and submit additional arguments and evidence, to be heard at oral argument.

## CONCLUSION

**WHEREFORE,** Defendant Capital One Bank (USA), N.A., hereby provides notice that this Court has jurisdiction over this action and the action is removed from the Baton Rouge City Court for the Parish of East Baton Rouge, Louisiana to the United States District Court for the Middle District of Louisiana, East Baton Rouge Division.

Respectfully submitted,

*/s/ Christopher D. Meyer*
Christopher D. Meyer, (LA. Bar No. 35917)
Attorney for Defendant Capital One Bank (USA), N.A.

**OF COUNSEL:**
BURR & FORMAN LLP
The Pinnacle at Jackson Place
190 East Capitol Street, Suite M-100
Jackson, Mississippi  39201
Telephone:  (601) 355-3434
Facsimile:   (601) 355-5150
cmeyer@burr.com

47966641 v1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following by U.S. Mail, on this 27th day of May, 2022:

Monique Montgomery
4636 Alvin Dark Avenue, Apt. 1
Baton Rouge, LA  70820
*Pro Se*

                         */s/ Christopher D. Meyer*
                         OF COUNSEL

47966641 v1