IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA
EAST BATON ROUGE DIVISION

| | |
|---|---|
| MONIQUE MONTGOMERY,<br>   Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO.<br>)   3:22-cv-00347-SDD-SDJ<br>)<br>)<br>)<br>) |

**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

COMES NOW Defendant Capital One Bank (USA), N.A. ("Defendant" or "Capital One"), and, by and through its undersigned counsel, hereby files this Memorandum in Support of its Motion to Dismiss, or in the alternative, Motion for a More Definite Statement, stating as follows:

## I.   INTRODUCTION

The Federal Rules of Civil Procedure require a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. Here, the Complaint contains no such plain statement. Instead, Plaintiff's Complaint consists of twenty pages of winding paragraphs containing several, often irrelevant[1] and/or conclusory, allegations per paragraph. Thus, the Complaint violates Rules 8(a) and 10, and should be dismissed.

---

[1] At the outset, Capital One notes that any claims or allegations based upon the alleged data breach, or cyber incident, are irrelevant to the instant Motion and this matter as a whole. The claim based on the cyber incident, Plaintiff's Seventh Cause of Action for alleged violations of La. R.S. § 51:3074 and § 51:1409, has been transferred to the MDL currently pending in the Eastern District of Virginia. Moreover, the bulk of Plaintiff's allegations arise from alleged conduct prior to the 2019 cyber incident that is mentioned in Plaintiff's Complaint.

Additionally, all fraud-based claims in Plaintiff's Complaint are due to be dismissed because they do not meet the stringent standard enunciated in Rule 9(b). To wit, they fail to allege the "who," "what," "when," "where," and "how" of the alleged fraud committed against Plaintiff.

Plaintiff's Complaint is also due to be dismissed for a myriad of other reasons. For example, many of Plaintiff's claims are premised on the notion that Capital One owed her a legal duty (either a duty of care, or a duty to disclose certain facts), but banks generally do not owe duties to non-customers, and Plaintiff does not allege that she was Capital One's customer. In fact, Plaintiff specifically alleges she was *not* Capital One's customer. Plaintiff's contention that La. R.S. 51:3074 confers a duty upon Capital One, regardless of Plaintiff's status as a customer, is belied by state and federal court precedent and the underlying purpose of that statute as a data breach statute. Furthermore, Plaintiff's allegations and claims related to any cyber incident, as previously mentioned, have been transferred to the MDL in the Eastern District of Virginia. As another example, Plaintiff's state law claims premised upon Capital One's alleged misconduct relating to credit reporting on her accounts are due to be dismissed because they are preempted by the Fair Credit Reporting Act. That Act completely preempts state law claims arising out of conduct relating to a furnisher's responsibilities delineated by the Act.

In the alternative, if the Court finds that Plaintiff's Complaint does satisfy the federal pleading standard, or should not be dismissed for one or more of the many reasons set forth below, Capital One moves for a more definite statement according to Rule 12(e) so that Capital One may be put on fair notice of the claims against it and the grounds upon which they rest.

## II.   ALLEGATIONS OF THE COMPLAINT

Plaintiff's Complaint appears to arise out of her assertion that she has been the victim of identity theft. Plaintiff also alleges generally that she notified Capital One of this assertion, yet Capital One did not respond to her satisfaction. Apart from these conclusory

2

allegations, Plaintiff does not provide specific facts related to the account at issue, her alleged communications and interactions with Capital One, or actions taken (or omissions made) by Capital One. Instead, the "Factual Allegations" section of the Complaint is filled with conclusory allegations such as the following:

- Defendant maintains a pattern and practice of failing to verify the identities of its credit applicants and failing to implement or maintain any procedures or practices to protect the privacy and security of individuals in this state which has resulted in fraud and data breaches. *See* Compl. at ¶ 6.

- . . . Defendant received [Plaintiff's complaints] but willfully ignored them for a [sic] three and a half year timeframe. *Id.* at ¶ 10.

- Defendant maintains a pattern and practice of using an automatic telephone dialer system ("ATDS"). *Id.* at ¶ 11.

- Defendant intentionally misrepresented its intended use for [documentation requested from Plaintiff.] *Id.* at ¶ 13.

- Defendant's employees are trained to make reckless decisions in investigations on consumer disputes of debt. From June 2019 to present, all of Plaintiff's disputes were denied . . . with the intent to coerce undue payments from her. *Id.* at ¶ 14.

- Defendant trains its employees to solely base investigation decisions on Defendant's ability to financially profit from the identity theft at the expense of the consumer. *Id.* at ¶ 15.

- Defendant's procedures and practices are obviously inadequate to protect consumers' personal identifying information from unauthorized disclosure, use, or modification including Plaintiff's. Defendant intentionally delays its investigations and closure of accounts pending the receipt of copies of the consumers' personal identifying information. *Id.* at ¶ 16.

- Around August or September of 2016 to present, Defendant has engaged in illegal collection efforts and extortion. *Id.* at ¶ 17.

After listing almost four pages' worth of long-winded, conclusory paragraphs, including statements such as those above, Plaintiff then includes a memoranda of law followed by fifteen causes of action against Capital One. Plaintiff's fifteen causes of action, in the order they appear in the Complaint, are as follows:

| | |
|---|---|
| **Count I.** | False Light |
| **Count II.** | Fraudulent Inaction |
| **Count III.** | Intentional Misrepresentation |
| **Count IV.** | Abusive Debt Collection Practices |
| **Count V.** | Abuse of Right |
| **Count VI.** | Extortion |
| **Count VII.** | La. R.S. 51:1409 under LUPTA (transferred to MDL in E.D. Va.) |
| **Count VIII.** | La. R.S. 9:3518.2(D) under Consumer Credit Law |
| **Count IX.** | Defamation |
| **Count X.** | Intentional Infliction of Emotional Distress |
| **Count XI.** | Negligent Infliction of Emotional Distress |
| **Count XII.** | TCPA |
| **Count XIII.** | Fraud by Misrepresentation or Silence under Article 1953 |
| **Count XIV.** | La. R.S. 9:3568(D) under Consumer Credit Law |
| **Count XV.** | Breach of Contract |

As explained in this Motion, Plaintiff's Complaint, and each cause of action alleged therein, should be dismissed because the Complaint does not comply with Rules 8(a) and 9(b), and/or fails to state a claim upon which relief may be granted.

### III.   STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

4

Although, on a motion to dismiss, the Court must "accept all *well-pleaded facts* as true," *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 239 (5th Cir. 2009) (emphasis added), "legal conclusions couched as factual allegations" need not be accepted as true. *Romious v. Hunter*, No. 12-77, 2012 WL 1119754, at *1 (E.D. La. Apr. 3, 2012) (citing *Iqbal*, 556 U.S. at 577).

While pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers,[2] "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citations omitted). "Every party – pro se or otherwise – must comply with the Federal Rules of Civil Procedure." *Sutherlin v. Smith*, 4:15–cv–00037, 2016 WL 676581, at *5 (W.D. Va. Feb. 17, 2016) (dismissing in part pro se plaintiff's complaint).

## IV.   ARGUMENT

### A.   The Complaint Should Be Dismissed for Failure to Comply with Rule 8(a).

Fed. R. Civ. P. 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Under Rule 8(a), a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." *Anderson v. U.S. Dept. of Housing and Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008). *See also Clark v. Sheriff's Office Calcasieu Parish*, No. 2:19-cv-0467, 2019 WL 6307375, at *2 (W.D. La. Nov. 22, 2019) (noting that a plaintiff must allege sufficient factual matter so that the opposing party can "fairly appreciate the claim made against [it]."). Although "detailed factual allegations" are not necessary, the complaint

---

[2] *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

must nonetheless "provide the plaintiff's grounds for entitlement to relief…." *Lormand*, 565 F.3d 228, 232. "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." *Anderson*, 554 F.3d 525, 528.

The Complaint fails to comply with Rule 8, and, therefore, should be dismissed. Specifically, the Complaint does not contain enough factual detail regarding Capital One's conduct to state a claim for relief. For example, although Plaintiff's claims largely arise out her contention that she was a victim of identity theft, she does not provide any facts as to: 1) who allegedly opened an account in her name; 2) the identity of the account at issue (such as an account number, when the account was opened, or the manner in which the account was opened); or 3) what information she reported to Capital One upon discovering the alleged identity theft. She also fails to provide any factual details, as opposed to conclusory statements, regarding what she believes Capital One should have done but did not in response to her reporting of the alleged identity fraud. As another example, another portion of Plaintiff's claims appear to relate to Capital One's furnishing of information to credit reporting agencies ("CRAs"). Plaintiff does not, however, allege: 1) what information Capital One allegedly furnished; 2) to which CRAs; or 3) when Capital One allegedly furnished said information to those credit bureaus.

In short, Plaintiff "does not sufficiently allege the factual matter necessary to support" the fifteen claims alleged, and, therefore, her Complaint should be dismissed. *See Satterfeal v. Loancare, LLC*, No. 18-1021-JWD-EWD, 2019 WL 2857993, at *2 (M.D. La. July 2, 2019) (noting that the complaint failed to allege facts showing how the allegations at issue violated the federal law at issue and noting: "for this reason alone, the claims are due for dismissal").

B.  **Plaintiff Fails To Plead Fraud With Particularity.**

Fed. R. Civ. P. 9(b) requires that, when alleging fraud, "a party must state with particularity the circumstances constituting fraud…."[3] "[A]llegations of fraud must meet a higher, or more strict, standard than the basic notice pleading required by Rule 8." *Shushany*, 992 F.2d 517, 521. "[P]leading fraud with particularity requires that at a minimum…a plaintiff must set forth the who, what, when, where, and how of the alleged fraud." *U.S. ex rel. Nunnally v. West Calcasieu Cameron Hosp.*, 519 Fed. Appx. 890, 892 (5th Cir. 2013) (citation omitted). *See also Shushany*, 992 F.2d at 521 ("At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.").

Plaintiff alleges several causes of action grounded in fraud, including "fraudulent inaction" (Count II), "intentional misrepresentation," also known as "delictual fraud" in Louisiana (Count III), and "fraud by misrepresentation" (Count XIII). In addition to other infirmities, Plaintiff's fraud-based claims fail because she does not allege the purported fraud with the requisite particularity required by Rule 9(b). Plaintiff repeatedly alleges that "Defendant" made false statements, but does not identify the "who" (i.e. any individual person, by name, title, or position, who allegedly made the false statements). She also does not identify to whom the alleged false statements were made, other than to unspecified "CRAs" and "others." Additionally, Plaintiff fails to allege the "when" of the alleged fraud with any specificity. The "what" of the alleged fraud is also unclear, and the reader is left to speculate on the content of the alleged false statements made to "CRAs" and/or "others." For example, in Count II (Fraudulent Inaction) Plaintiff does not

---

[3] "A dismissal for failure to state fraud with particularity…is a dismissal on the pleadings for failure to state a claim." *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993).

7

specify what actions Capital One could have taken, but failed to take, which led to her alleged injuries. Plaintiff instead, without factual support, merely states that Capital One "intentionally breached its lawful duty" to reasonably protect Plaintiff's information from misuse. Additionally, for Count III, although Plaintiff alleges that misrepresentations were made to her, Plaintiff does not allege any facts regarding what those misrepresentations were, how she was justified in relying upon them, or how Capital One intended to use those misrepresentations, in her words, "to obtain the unjust advantage of substantiating its illegal collection efforts on a nonexistent debt."

Based on the foregoing, Plaintiff's fraud-based claims are due to be dismissed.

### C.  Capital One Owed No Duty To Protect Plaintiff From Identity Theft.

Under Louisiana law:

> Negligence claims are examined using a duty-risk analysis. In order for liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of protection element); and (5) actual damages (the damage element).

*Labarre v. Occidental Chem. Co.*, 250 So. 3d 932, 938 (La. Ct. App. 2018). The first element of the negligence analysis – duty – is "a question of law. Simply put, the inquiry is whether the plaintiff has any law—statutory, jurisprudential, or arising from general principles of fault—to support his claim." *Faucheaux v. Terrebonne Consol. Govt.*, 615 So. 2d 289, 292 (La. 1993).

Plaintiff's Complaint alleges several negligence-based causes of action grounded in the notion that Capital One owed her a duty of care to protect her from identity theft, and breached that duty. *See* Counts II, VIII, XI, XIV. However, Plaintiff's negligence-based claims fail because,

8

as a general rule,[4] banks do not owe any duties to "non-customers." *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 516 (5th Cir. 2018) (surveying cases and recognizing general rule). *See also Guidry v. Bank of LaPlace*, 954 F.2d 278, 286 (5th Cir. 1992) (quoting *Shreveport Prod. Credit Ass'n v. Bank of Commerce*, 405 So. 2d 842, 845-46 (La. 1981)) ("The Louisiana Supreme Court has found as a matter of law that under normal circumstances a bank owes no duty to those who are not its customers respecting investigation or disclosure concerning its customers."); *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 357-58 (6th Cir. 2014) (dismissing negligence claim filed by "victim in a fraudulent scheme involving an imposter bank account"); *Eisenberg v. Wachovia Bank, N.A.*, 302 F.3d 220 (4th Cir. 2002) (holding bank did not owe duty of care to noncustomer defrauded by bank's customer through use of bank's services).[5, 6]

---

[4] Although a duty may arise if "special circumstances" exist, Plaintiff's Complaint is devoid of any allegations regarding the type of "special circumstances" necessary to adequately allege a duty owed to her by Capital One.

[5] For the same reason, Plaintiff's causes of action premised on fraud by misrepresentation based on omission and La. R.S. 9:3568(D) fail because Capital One did not owe Plaintiff any duty "to speak or to disclose information." *Greene v. Gulf Coast Bank*, 593 So. 2d 620 (La. 1992) ("To find fraud from silence or suppression of the truth, there must exist a duty to speak or to disclose information.").

[6] Plaintiff attempts to satisfy the duty requirement by pointing to La. R.S. 51:3074. Unfortunately, such an argument is unavailing. La. R.S. 51:3074 is a part of Louisiana's "Database Security Breach Notification Law." Plaintiff does not allege that her instance of "identity theft" has anything to do with a database breach. As outlined in her Complaint, Plaintiff alleges that she discovered the purported identity theft in 2015 – four years before the 2019 cyber incident mentioned in Plaintiff's Complaint. There are a myriad of ways that a consumer can have his or her identity stolen other than a data breach. *See https://consumer.gov/scams-identity-theft/avoiding-identity-theft.* Thus, even if Plaintiff is correct that La. R.S. 51:3074 establishes a duty between banks and non-customers, which Capital One denies based upon the above, Plaintiff has not alleged that her identity theft claims, dating back to 2015, find their genesis in any data breach.

Duty is an essential element of any claim grounded in negligence, and, in the absence of any cognizable duty owed to Plaintiff, Capital One cannot be subjected to liability for Plaintiff's negligence claims as a matter of law.

### D. Plaintiff's State Law Claims Are Preempted By The FCRA.

One of the main undercurrents running throughout Plaintiff's Complaint is that Capital One provided false information to the CRAs, and did not correct the information after Plaintiff made a request for Capital One to do so. *See generally* Compl.; *see also* Count I (regarding "furnishing false and embarrassing representations . . . to CRAs"); Count IX (alleging that Capital One made false and defamatory statements to "CRAs"). Plaintiff's state law claims premised upon conduct regulated by 15 U.S.C. § 1681s-2 are due to be dismissed because they are preempted by the Fair Credit Reporting Act ("FCRA").

The FCRA primarily regulates consumer credit reporting agencies, but also imposes obligations on so-called "furnishers of information." *See generally* 15 U.S.C. § 1681s-2 ("Responsibilities of furnishers of information to consumer reporting agencies."). "Although the FCRA does not define 'furnisher of information,' courts define the term as an entity which transmits information concerning a particular debt owed by a consumer to a consumer reporting agency." *Loyola de Rios v. Wells Fargo Nat'l Bank Ass'n*, SA-11-CA-542-OG, 2011 WL 13324133, at *7 (W.D. Tex. Sept. 13, 2011) (citation omitted). Capital One reports information to the CRAs about its customers' accounts, and, therefore, is a furnisher of information under the FCRA.

Pertinent to this case is § 1681s-2(b) of the FCRA, the section which imposes duties on "furnishers of information." Specifically, § 1681s-2(a) sets forth certain requirements applicable to furnishers, including a prohibition on reporting inaccurate information. *See* 15 U.S.C. § 1681s-2(a). Section 1681s-2(b), in turn, requires furnishers to take certain actions "[a]fter receiving notice

pursuant to section 1681i(a)(2) of…a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency…." 15 U.S.C. § 1681s-2(b).

The FCRA contains two preemption provisions, §§ 1681t(b)(1)(F) and 1681h(e). This Court has recently applied the standard under 1681h(e), providing "'[t]he FCRA preempts state law defamation or negligent reporting claims unless the plaintiff consumer proves 'malice or willful intent to injure' [her].'" *Schweitzer v. Melane*, No. CV 21-154-JWD-SDJ, 2022 WL 135423, at *5 (M.D. La. Jan. 13, 2022) (citing *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 638 (5th Cir. 2002)). "To prove malice, the plaintiff must show that the defendants acted 'knowing the statements were false or with a reckless disregard of whether they were false.'" *Swafford v. Experian Info. Sols., Inc.*, No. CV 18-789-JWD-EWD, 2019 WL 5597310, at *6 (M.D. La. Aug. 27, 2019), report and recommendation adopted, No. CV 18-789-JWD-EWD, 2019 WL 5616968 (M.D. La. Sept. 11, 2019) (internal citations omitted). Where a Plaintiff pleads malice and/or willful intent in a conclusory manner, those allegations are insufficient to support the claims and the claims should be dismissed as preempted. *Id*.

Plaintiff has not met her burden in showing malice and/or willful intent. In almost every Count in Plaintiff's Complaint, Plaintiff includes the conclusory statement that "[t]he actions taken by [Capital One] were done with malice, were done wantonly, recklessly, and willfully, and were done with the desire to harm Plaintiff." *See generally* Compl. Aside from these allegations, Plaintiff alleges only, without any factual support, that Capital One "willfully . . . participat[ed] in the identity theft" which Plaintiff suffered. *See* Compl. ¶¶ 47, 51, 58. Such conclusory allegations are the kind of allegations which were dismissed in *Swafford*. *See Swafford*, 2019 WL 5597310 at *6 at n. 50 (including allegations such as "[a]ll actions taken by Defendants were done with malice, were done willfully, and were done with either the desire to harm [plaintiff] and/or with the

11

knowledge that their actions would very likely harm [plaintiff]"). Plaintiff's conclusory allegations regarding Capital One's alleged "malice" or "willful intent," are therefore insufficient, and her claims premised upon credit reporting allegations are preempted by the FCRA.

Based on the foregoing, Plaintiff cannot state a claim against Capital One for, *inter alia*, fraud, negligence, infliction of emotional distress, defamation, and/or breach of contract relating to the "representations" made to CRAs.

### E.     Plaintiff's Remaining Claims Fail As A Matter Of Law.

#### 1.     Count IV (Abusive Debt Collection Practices).

LSA R.S. § 9:3562, entitled "unauthorized collection practices," precludes creditors from engaging in certain actions vis-à-vis debtors. To the undersigned's knowledge, the foregoing statute is the only Louisiana state statute regulating a creditor's collection practices. Although the unauthorized collection practices act (the "UCP Act") prohibits certain actions by a creditor, Plaintiff's Complaint does not allege that Capital One engaged in any of the specific actions prohibited by the UCP Act. Therefore, Count IV fails to the extent it is premised upon an alleged violation of the UCP Act.

#### 2.     Count V (Abuse of Right).

The abuse of rights doctrine is a civilian concept which "applies when one of the following conditions is met: (1) the predominant motive for exercise of the right is to cause harm; (2) there is no legitimate motive for exercise of the right; (3) exercise of the right violates moral rules, good faith, or elementary fairness; or (4) exercise of the right is for a purpose other than that for which it was granted." *Mixon v. Iberia Surgical, L.L.C.*, 956 So. 2d 76, 81 (La. App. 3 Cir. 2007) *writ denied,* 962 So .2d 438 (La. 2007). Thus the doctrine applies only where an actor exercises an established right in a delictual manner.

Plaintiff's allegations admit that Capital One had the right to collect the information upon which this Count is based and further states the motive – "[to] support [its] investigations for identity theft." However, Plaintiff avers that Capital One "intentionally used those rights with the predominate motive of blackmailing Plaintiff." Plaintiff has not alleged any facts showing how Capital One purportedly "blackmailed" Plaintiff and, furthermore, does not allege any facts showing that Capital One's predominant motive for requesting her information was to effectuate that alleged "blackmail." Plaintiff's allegations, in this and other of her Counts, amount to little more than factually-unsupported paranoia. Thus, Plaintiff's Count V for an alleged Abuse of Right is due to be dismissed.

### 3. Count VI (Plaintiff's Criminal Claim).

Plaintiff asserts a cause of action for extortion which appears to be a criminal offense under Louisiana's Criminal Code. *See* Count VI. The foregoing crime is prohibited by LSA R.S. 14:66.

Louisiana's Criminal Code does not provide any private, civil causes of action against persons who violate the foregoing provision, and only Louisiana's district attorneys are entitled to prosecute criminal complaints. *See La. State Bd. of Nursing v. Gautreaux*, 39 So. 3d 806, 814 (La. Ct. App. 2010) (citing LSA Const. Art. V, § 26(B), LSA R.S. § 16:1). Additionally, if anyone is liable for the foregoing crimes, it is the person who allegedly stole Plaintiff's identity, *not* Capital One.

Thus, Plaintiff's claims premised upon violations of Louisiana's Criminal Code, including but not necessarily limited to Count VI, are due to be dismissed.

### 4. Count X (Intentional Infliction Of Emotional Distress).

In Count XXXII, Plaintiff alleges that Capital One intentionally inflicted emotional distress on her by, in a restatement of other claims to be dismissed, "willingly participat[ing] in extortion, identity theft, and unreasonable collection efforts on a non-existent debt. . . ." To prevail on a claim

13

for intentional infliction of emotional distress, a plaintiff must allege and prove: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *Lowe v. Capital One, N.A.*, 08-1080, 2009 WL 3149598, at *2 (W.D. La. Sept. 4, 2009) (applying Louisiana law).

> As the Louisiana Supreme Court has explained: The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind.

*Id.* (quoting *White v. Monsanto Co.*, 585 So. 2d 1202, 1209 (La. 1991)).

Courts have dismissed intentional infliction of emotional distress claims where, as here, a plaintiff's allegations do not reasonably support the conclusion that the defendant's conduct was extreme and outrageous enough to constitute intentional infliction of emotional distress. *Roebuck v. Dothan Security, Inc.*, 515 Fed. Appx. 275 (5th Cir. 2013) (affirming 12(b)(6) dismissal of IIED claim); *Lowe*, 2009 WL 3149598, at *2 (applying Louisiana law) (dismissing IIED claim as a matter of law); *Brown v. DaimlerChrysler Corp.*, 399CV1286D, 1999 WL 766021, at *2-3 (N.D. Tex. Sept. 4, 1999) (dismissing IIED claim for failure to state a claim).

Plaintiff has pled, in conclusory fashion and without meaningful factual support, that Capital One "extorted" Plaintiff and partook in "unreasonable collection efforts." These bare statements, without supporting facts, do not nudge Plaintiff's claims from possible to plausible as required under the federal pleading standards. Therefore, her intentional infliction of emotional distress claim should be dismissed.

5. **Count XI (Negligent Infliction of Emotional Distress).**

In Count XI, Plaintiff alleges that Capital One negligently inflicted emotional distress on her by "fail[ing] to conform its conduct to the appropriate standard by its willful neglect to verify the identity of the person who applied for credit in Plaintiff's name. . . ."

Louisiana law does not generally recognize an independent cause of action for negligent infliction of emotional distress. *Moresi v. Dep't of Wildlife*, 567 So. 2d 1081 (La. 1990). However, Louisiana does allow negligent infliction of emotional distress actions in extraordinary situations where there is an "especial likelihood of genuine and serious mental distress, arising from... special circumstances, which serves as a guarantee that the claim is not spurious." *Id.* at 1095-96 (stating that "if the defendant's conduct is merely negligent and causes only mental disturbance, without accompanying physical injury, illness or other physical consequences, the defendant is not liable for emotional disturbance").

Plaintiff does not allege, beyond a conclusory statement that she has "an increased risk of actual or imminent harm to her physical safety," physical injury, illness or consequences arising from her allegations. Plaintiff has not alleged any facts elaborating how her physical safety is at any risk. Therefore, Plaintiff cannot prove an essential element of her claim for negligent infliction of emotional distress. Nor has Plaintiff alleged any special circumstances that would create an especial likelihood of serious psychological harm. Accordingly, Plaintiff's claim for negligent infliction of emotional distress should be dismissed.

6. **Count XII (TCPA).**

In Count XII, Plaintiff alleges Capital One violated the TCPA when Capital One "knowingly used an automatic telephone dialer system. . . ." ("ATDS").

To adequately allege violations of the TCPA via use of an ATDS, Plaintiff must offer more than conclusory allegations that Capital One actually used an ATDS. *Miller v. Cain*, No. CIV.A.

14-2613, 2015 WL 222434, at *8 (W.D. La. Jan. 14, 2015). "The vast majority of courts to have considered the issue have found that '[a] bare allegation that defendant[ ] used an ATDS is not enough.'" *Id*. (citations omitted). "Such an allegation is 'a bare legal conclusion entitled to no weight.'" *Id*. Thus, where a plaintiff fails to "at least describe, in layman's terms, the facts about the [contact] or the circumstances surrounding the [contact] that make it plausible that the [contact] was made using an ATDS[,]" the claim must be dismissed. *Id*. (dismissing Plaintiff's TCPA claim where the Plaintiff did not offer any allegations from which the court could plausibly infer that the contact was made using an ATDS, such as pleading that the contact came with a "robotic sound of the voice on the other line" or the "lack of human response" on the other end).

As in *Cain*, Plaintiff has not provided any specific allegations that would allow the Court to infer that the calls/messages complained of were generated/issued by an ATDS. For this reason, Plaintiff's claim under the TCPA must be dismissed.

### 7. The LUTPA.

Any claims or bases for duty based upon the Louisiana Unfair Trade Practices Act ("LUTPA") are due to be dismissed or ignored as moot because the LUTPA does not apply to Capital One. Plaintiff's Complaint contains several references to the LUTPA including (a) implications that Capital One owed her a duty under that Act, *see* Compl. ¶ 31, and (b) claims that Plaintiff is entitled to treble damages under the LUTPA, *see* Compl. ¶ 54.[7]

The LUTPA does not apply to Capital One. By its own terms, the LUTPA does not apply to

> Any federally insured financial institution, its subsidiaries, and affiliates or any licensee of the Office of Financial Institutions, its subsidiaries, and affiliates or actions or transactions subject to the jurisdiction of the

---

[7] Plaintiff's Count VII is also based upon the LUTPA but, as previously mentioned, that Count has been transferred to the MDL in the Eastern District of Virginia.

16

> Louisiana Public Service Commission or other public utility regulatory body, the commissioner of financial institutions, the insurance commissioner, the financial institutions and insurance regulators of other states, or federal banking regulators who possess authority to regulate unfair or deceptive trade practices.

La. R.S. 51:1406(1); *see also City of Baton Rouge/E. Baton Rouge Par. v. Bank of Am., N.A.*, No. CV 19-725-SDD-RLB, 2021 WL 1321302, at *3 (M.D. La. Apr. 8, 2021). In *City of Baton Rouge/E. Baton Rouge Par.*, this Court held that the LUTPA did not apply to Capital One Bank because Capital One Bank is a federally-insured financial institution. *Id*. at *4; *see also Caillet v. Regions Fin. Corp.*, 282 F.R.D. 406, 413 (W.D. La. 2012) (holding that Regions, as a federally insured financial institution, was not subject to LUTPA). For the same reasons, the LUTPA does not apply to Capital One in this matter.

Therefore, to the extent Plaintiff's claims are based on the LUTPA, or based on Plaintiff's belief that the LUTPA imposes a duty on Capital One, those claims are due to be dismissed because the LUTPA does not apply to Capital One.

### F.     In The Alternative, Capital One Seeks A More Definite Statement.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also Smith v. Dep't Soc. Servs.*, No. 08-589-B-M2, 2009 WL 10700361, at *2 (M.D. La. Feb. 20, 2009) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move to dismiss the case or for a more definite statement under Rule 12(e)."). The United States Supreme Court has explicitly authorized motions for a more definite statement when "a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

As explained above, *see supra* §§ IV A. & B., the Complaint is severely lacking in specific factual allegations, including the "who, what, why, where, when, and how" of Capital One's alleged

17

misconduct. The manner in which Plaintiff has pled her claims renders Capital One unable to even research the alleged underlying facts and circumstances, let alone respond to the Complaint and formulate defenses based on the allegations therein. Thus, the Complaint "remains ambiguous, vague, and unclear." *Dunn v. Chase Home Fin., LLC*, No. 10-0828, 2011 WL 4383826, at *2 (M.D. La. Sept. 19, 2011). Thus, should the Court decline to dismiss the Complaint entirely, Capital One requests that Plaintiff be compelled to file a more definite statement under Rule 12(e) that complies with federal pleading standards of Rule 8, Rule 9(b), and Rule 10. *See, e.g., id.* (granting motion for more definite statement because "what is missing from the complaint are *factual* allegations (as opposed to conclusory assertions) to support plaintiff's claims of wrongdoing"); *Smith*, 2009 WL 10700361, at *2 (granting motion for more definite statement because "[g]iven the insufficiency of the allegations in the complaint, it is not possible for the Court to determine at this time whether plaintiffs are clearly unentitled to relief under any set of facts that could be proven consistent with their allegations").

## V. CONCLUSION

Plaintiff has asserted claims against Capital One that lack specific allegations and fail to state a claim against Capital One. Capital One therefore requests that Plaintiff's Complaint be dismissed for violating Rules 8(a), 9(b), and 10, and for failure to state a claim under Rule 12(b)(6). In the alternative, Capital One asks the Court to order Plaintiff to file a more definite statement under Rule 12(e) that complies with federal pleading requirements to provide adequate notice and factual allegations regarding her claims.

Respectfully submitted this 25th day of July, 2022.

                                              */s/ Christopher D. Meyer*
                                              Christopher D. Meyer, LA Bar #35917
                                              Attorney for Defendant
                                              CAPITAL ONE BANK USA, N.A.

OF COUNSEL:
BURR & FORMAN LLP
190 E. Capitol Street, Suite M-100
Jackson, MS 39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150
cmeyer@burr.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served on the following party by U.S. First Class Mail, postage prepaid, on this 25th day of July, 2022:

Monique Montgomery
4636 Alvin Dark Avenue, Apt. 1
Baton Rouge, LA  70820
*Pro Se*

          */s/ Christopher D. Meyer*
          OF COUNSEL

48517060 v1